Filed 1/22/24  P. v. Farber CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEVON JOHN FARBER,<br><br>    Defendant and Appellant. | H050619<br>(Santa Cruz County<br>Super. Ct. No. 21CR05350) |

Pursuant to a negotiated plea agreement, the trial court sentenced appellant Devon John Farber to an upper term of three years for possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)).[1]  On appeal, his appointed counsel filed a brief that states the case and the facts but raises no arguable issues, citing *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Notified of his right to submit written argument on his own behalf, Farber filed a supplemental brief raising multiple issues, arguing that he received ineffective assistance of counsel, the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland* (1963) 373 U.S. 83, and his Fourth Amendment rights were violated due to the unreasonable search and seizure.[2]  As Farber did not obtain a

---

[1] Unspecified statutory references are to the Penal Code.

[2] After submitting his supplemental letter brief, Farber, independent of his counsel, filed several motions to augment.  As the motions were not filed by Farber's counsel, we

certificate of probable cause, the bulk of these claims are not cognizable on appeal. We further find no merit to the extent Farber challenges the trial court's denial of his motion to suppress under section 1538.5. Accordingly, we affirm the judgment.

## I.     BACKGROUND

In December 2021, the Santa Cruz County District Attorney filed an information charging Farber in case number 21CR05350 with possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1), possession of ammunition by a prohibited person (§ 30305, subd. (a)(1); count 2), possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 3), and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350; count 4). It was further alleged that Farber had a prior strike (§ 667, subds. (b)-(i)), that he committed the offenses while on bail (§ 12022.1), and that he was ineligible for a county jail sentence (§ 1170, subds. (h)(3) & (f)).

In January 2022, Farber filed a motion under *People v. Marsden* (1970) 2 Cal.3d 118 seeking to discharge appointed counsel, which the trial court denied.

In February 2022, a doubt was declared as to Farber's mental competence and proceedings were suspended under section 1368. And in March 2022, Farber was transferred to the Department of State Hospitals until his competency could be restored. In May 2022, Farber filed another *Marsden* motion, which was denied by the trial court. Farber's competency was restored in June 2022, and the criminal proceedings were reinstated.

---

declined to file them or consider them. We further note that Farber's motions to augment do not clearly identify all documents with which he seeks to augment the record, some categories of documents are already in the record on appeal, and others do not appear to have been either lodged or filed with the trial court, rendering them outside the normal record on appeal. (See Cal. Rules of Court, rule 8.155(a).) And as we did not grant Farber permission to file additional supplemental letter briefs, we likewise rejected his additional letters.

In September 2022, Farber moved to suppress evidence under section 1538.5, challenging the warrantless search of his residence. At the hearing on the motion, Sergeant Nicholas Solano of the Santa Cruz County Sheriff's Department testified that he and another officer were to do a compliance check on Farber November 19, 2021, and were joined that day by a third officer, who had "civil paperwork" to give to Farber. After Solano confirmed that Farber was subject to search terms as a condition of pretrial release, the officers proceeded to Farber's residence. Upon entering and searching the residence, officers found a firearm and ammunition in Farber's bed and a small amount of narcotics in another bedroom. Solano acknowledged having previously seen an officer safety bulletin, dated 11 months before the search, that indicated the sheriff's department was actively developing cases against Farber. The bulletin, admitted into evidence, also indicated that an "anonymous third[]party" had seen Farber in possession of a firearm and ammunition. The trial court took judicial notice that Farber, in accepting conditional release on his own recognizance in case number 21CR04961 (three months before the search), signed an acknowledgement "that he was subject to search and seizure for evidence of possession of firearms, ammunition, illegal controlled substances; must submit his person, his residence, his vehicle, and any areas under his control to search and seizure." Rejecting Farber's contention that the search was conducted "for an arbitrary or capricious or harassing reason," the court denied the motion.

That same month, Farber pleaded no contest in case number 21CR05350 with a count of possession of a firearm by a felon (§ 29800, subd. (a)(1)), with the understanding that he would receive an upper term of three years and that the remaining charges and enhancements would be dismissed. The parties stipulated that the preliminary hearing transcript provided a factual basis for the plea. Pursuant to the plea agreement, Farber also pleaded no contest in separate cases to two misdemeanors— violation of a court order (§ 273.6, subd. (a)) and vandalism under $400 (§ 594)—in exchange for terms concurrent with his sentence in case number 21CF05350.

Consistent with the parties' agreement, the trial court dismissed Farber's prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and sentenced him to the upper term of three years, imposing two concurrent sentences of 30 days for his misdemeanor convictions.  The trial court credited Farber with 311 days of actual custody and 310 days of conduct credit under section 4019.

Farber filed a timely notice of appeal from the judgment and requested a certificate of probable cause.  The record does not reflect that the trial court ever ruled on the request.

In July 2023, Farber's appellate counsel wrote to the trial court requesting a correction of Farber's presentence custody credits.  Appellate counsel argued that Farber had been entitled to 314 days of actual custody credit and 314 days of conduct credit at the time of his sentencing.  In September 2023, the trial court corrected the abstract of judgment to award Farber a total of 628 days as of the sentencing date.

## II.     DISCUSSION

### A.     *Certificate of Probable Cause*

In his supplemental letter brief, Farber raises multiple arguments about the effectiveness of his trial counsel.  He also appears to argue that the prosecution withheld material evidence in violation of *Brady* and that his Fourth Amendment rights were violated by the officers' unreasonable search and seizure.  The majority of these claims are not cognizable on appeal because Farber did not obtain a certificate of probable cause.

Section 1237.5 provides in pertinent part that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of

4

the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

Here, Farber requested a certificate of probable cause from the trial court. Within 20 days after a defendant has filed a written statement requesting a certificate of probable cause under section 1237.5, "the superior court must sign and file either a certificate of probable cause or an order denying the certificate." (Cal. Rules of Court, rule 8.304(b)(1)(B).) "If the trial court wrongfully refuses to issue a certificate, the defendant may seek a writ of mandate from the appellate court." (*People v. Johnson* (2009) 47 Cal.4th 668, 676.) Absent such a petition, however, Farber cannot argue on appeal any issues that go toward the validity of the plea. (§ 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 76.) These include most of Farber's ineffective assistance of counsel claims—i.e., defense counsel's failure to file a section 995 motion, alleged "collusion with the [District Attorney] to abuse the [Investigative Services Team] statutory scheme," failure to sign certain motions, seeking to have Farber declared incompetent to stand trial, the alleged *Brady* violation, and an alleged violation of Government Code section 7923.625[3]—which relate to matters that occurred prior to Farber's plea and, in substance, challenge the validity of his plea, and cannot now be raised. (See, e.g., *People v. Richardson* (2007) 156 Cal.App.4th 574, 595–596 [preplea claim of ineffective assistance of counsel cannot be considered on appeal in absence of certificate of probable cause].)

---

[3] Government Code section 7923.625 is part of the California Public Records Act and pertains to a law enforcement's withholding of video or audio recordings of a "critical incident"—defined as "[a]n incident involving the discharge of a firearm at a person by a peace officer or custodial officer" (*id.*, subd. (e)(1)) or "[a]n incident in which the use of force by a peace officer or custodial officer against a person resulted in death or in great bodily injury" (*id.*, subd. (e)(2)). From the record, it is unclear how this statute pertains to Farber's case.

Therefore, we address only those claims that involve postplea sentencing issues that do not affect the validity of his plea. Additionally, Farber may still challenge on appeal the trial court's denial of his motion to suppress even in the absence of a certificate. (See Cal. Rules of Court, rule 8.304(b)(2)(A) [appeal based on denial of motion to suppress under section 1538.5 does not require certificate of probable cause].) Thus, to the extent that his Fourth Amendment claim arises from the denial of his motion to suppress, we address it below.

**B.** *Motion to Suppress*

Below, Farber filed a motion to suppress evidence under section 1538.5, arguing that the police search of his home was without a warrant, and the search and seizure was unreasonable. After a hearing, the trial court denied the motion to suppress after concluding that Farber was subject to a warrantless search condition at the time, and the officer's actions were not "harassing, arbitrary, or capricious." In his letter brief, Farber now argues that the search was "initiated by an anonymous tip, tainted evidence and eroded [his] privacy."

"In reviewing the trial court's denial of a motion to suppress evidence, we view the record in the light most favorable to the trial court's ruling, deferring to those express or implied findings of fact supported by substantial evidence. [Citations.] We independently review the trial court's application of the law to the facts." (*People v. Jenkins* (2000) 22 Cal.4th 900, 969.)

"When involuntary search conditions are properly imposed, reasonable suspicion is no longer a prerequisite to conducting a search of the subject's person or property. Such a search is reasonable within the meaning of the Fourth Amendment as long as it is not arbitrary, capricious or harassing." (*People v. Reyes* (1998) 19 Cal.4th 743, 752 (*Reyes*).) A parole search can become unreasonable " 'if made too often, or at an unreasonable hour, or if unreasonably prolonged or for other reasons establishing arbitrary or oppressive conduct by the searching officer.' " (*Id.* at pp. 753–754.) The

6

officer, however, must be aware that the defendant is subject to a search condition. (*People v. Smith* (2009) 172 Cal.App.4th 1354, 1360.)

In this case, the parties stipulated that Farber had been searched pursuant to judicially imposed release terms on his earlier court cases. Solano testified at the hearing that he conducted the search of Farber's residence only after confirming that Farber was subject to a search condition, and that he had done so as part of a "compliance check." Solano's stated reason for conducting the search—that he wanted to do a compliance check—does not suggest that the search was arbitrary, capricious, or conducted to harass Farber. (See *In re Anthony S.* (1992) 4 Cal.App.4th 1000, 1004 [search is arbitrary when officer is not motivated by rehabilitative or legitimate law enforcement purposes or is driven by personal animosity].)

Farber's assertion that the search was pursuant to an anonymous tip appears to be in reference to the officer safety bulletin that Farber had been "recently seen by an anonymous third[]party in possession of firearm and ammo." At the hearing, Solano testified that he had viewed the bulletin at some undetermined time before he conducted the search of Farber's home. We agree that anonymous tips, standing alone, are generally insufficient to supply reasonable suspicion for a detention or search. (See, e.g., *In re Edgerrin J.* (2020) 57 Cal.App.5th 752, 763–764.) Yet Farber cites no authority for the proposition that reasonable suspicion is a prerequisite for a warrantless search pursuant to a properly imposed search condition. In fact, cases have upheld warrantless searches based on anonymous tips in cases where the defendant was subject to a search condition. In *People v. Bravo* (1987) 43 Cal.3d 600, the defendant, who was a probationer subject to a warrantless search condition, was searched after an anonymous informant told police that traffic around the defendant's house indicated he was involved in narcotics sales. (*Id.* at pp. 602–603.) The California Supreme Court held that the defendant's search condition sufficed to authorize the search. (*Id.* at p. 607; see also *Reyes*, *supra*, 19 Cal.4th 743, 748–749 [citing *Bravo* with approval].) And nothing in

7

the record suggests that Farber's search condition was in any way qualified by a requirement of reasonable suspicion.

Under *Reyes*, so long as the search is for a proper purpose, it is permissible "even in the absence of particularized suspicion." (*Reyes*, *supra*, 19 Cal.4th at p. 754.)  And in Farber's case, conducting the search to ascertain Farber's compliance with his release conditions is a proper law enforcement purpose.  (See *People v. Robles* (2000) 23 Cal.4th 789, 795 [reasoning that "[w]arrantless searches are justified in the probation context because they aid in deterring further offenses by the probationer and in monitoring compliance with the terms of probation"].)

We acknowledge that the officer safety bulletin also specifies:  "At this time there is NO [probable cause] for Farber and we are actively working to establish a new criminal case."  To the extent that Farber suggests this indicates that his subsequent search amounted to harassment, we must defer to the trial court's contrary finding, which was supported by substantial evidence.  Solano testified only that he had seen the bulletin; there was no evidence that he was motivated by any personal animosity toward Farber or that the search was not for a legitimate law enforcement purpose.  According to Solano, the search was conducted so that he could do a "compliance check" to ensure Farber's compliance with his release conditions.

Accordingly, we see no error with the trial court's denial of Farber's motion to suppress.

## C.    *Sentencing Issues*

Finally, in his supplemental letter brief, Farber makes several conclusory arguments regarding the trial court's sentencing decisions, none of which have merit.

First, he asserts that at sentencing, the trial court "add[ed] sentencing to unfiled, past limitations charges."  It is unclear what Farber intends by this, as his change of plea form indicates that his plea incorporated three separate criminal cases—case numbers 20CR04961, 21CR00230, and 21CR05350—and there is no indication that he was

8

sentenced for any other crimes other than those which he pleaded no contest or for any time-barred charges.

Second, Farber argues that the trial court heard "motions on *Romero* nobody filed." (Italics added.) Although defense counsel made no written motion pursuant to *Romero*, *supra*, 13 Cal.4th 497, counsel made an oral motion. The trial court's grant of the oral *Romero* motion served only to benefit Farber, sparing him what would otherwise have been "twice the term otherwise provided" for his offenses. (See § 667, subd. (e)(1).)

**D.    *Conclusion***

After independently reviewing the record, limited to postplea issues that do not affect the validity of the plea, we find no arguable issues. (*Wende*, *supra*, 25 Cal.3d 436.)[4]

## III.    DISPOSITION

The judgment is affirmed.

---

[4] Farber also makes arguments about a restraining order in his family law case, which is not before this court despite his assertions to the contrary ("this is a criminal appeal, and now it encompasses my family law case"). As these matters are not before us, we do not consider them or his "request [for] a federal advocate."

_____

LIE, J.

WE CONCUR:

_____

GROVER, ACTING P.J.

_____

ADAMS, J.*

H050619
*People v. Farber*

_____

     *Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.